## CIRCUIT COURT OF THE CITY OF RICHMOND

General Services Corporation

v.

Specialty Consultants, Inc.

June 22, 1981

Case LD 1020

By JUDGE MARVIN F. COLE

The defendant is a Pennsylvania Corporation, engaged in the business of recruiting middle executive management personnel, especially for the real estate and construction industry throughout the United States. The defendant contracts with the employer to secure for it such personnel. Ninety-five (95%) per cent of such employers are located outside of Pennsylvania. The defendant has done business in Virginia previously. Four or five searches for employment have been made in the Arlington area; one search was concluded at Virginia Beach; one was concluded in Blacksburg; and then here was the one that is the subject of this suit in Richmond.

In this case the plaintiff advertised in the newspaper for a comptroller. In response to such advertisement on April 6, 1979, Paul Lewis, an account executive for defendant, called Jon Perel, President of the plaintiff corporation, on the telephone. The call was made from Pittsburgh, Pennsylvania, to Richmond, Virginia. The parties entered into an agreement on the telephone, and the agreement was confirmed by a letter written by Lewis to Perel dated April 10, 1979.

According to the agreement the defendant was to identify, locate, screen, reference check, schedule, and close candidates qualified to perform as comp-

troller for plaintiff. The defendant also offered a 60-day guarantee for such candidate. If the candidate failed to adequately perform within the specifications for the job, the defendant will reperform the search for the client without additional compensation.

The defendant sent to the plaintiff in Richmond a resume on Connell Cogar, and then arranged an interview in Richmond. As a result of the interview, Cogar was hired by the plaintiff. The defendant rendered a bill to the plaintiff, who mailed a check to Pittsburgh in payment of the same.

After some forty days the plaintiff terminated the employment of Cogar, and now sues in this court for a refund of the fee paid to the defendant. The defendant now challenges the jurisdiction of this court in this matter.

The question before the court is whether the court has personal jurisdiction over the defendant under Virginia's "Long Arm Statute," Section 8.01-328.1(1) and (2) of the Code of Virginia.

This transaction provides the following contracts with Virginia:

(1) The defendant advertises its services in the Journal of Property Management, a nationwide journal for the industry.

(2) The first contract between the plaintiff and the defendant into Virginia, which resulted in an agreement being made between the parties during the phone conversation, which agreement was confirmed by a letter dated April 10, 1979, from the defendant to the plaintiff. The contract was made, at least partly made, in Virginia.

(3) The defendant mailed a resume of Coger into Virginia. When the plaintiff showed interest in Coger, the defendant then arranged an interview between Cogar and the plaintiff in Richmond. This had the effect of sending Coger into Virginia.

(4) The defendant gave a 60 days guarantee on the work of Coger to be performed in Virginia.

Section 8.01-328.1 provides as follows:

A. A court may exercise personal jurisdiction over a person, who acts directly or by an agent, as to a cause of action arising from the person's

(1) Transacting any business in this State;

(2) Contracting to insure any person, property, or risk located within this state at the time of contracting;

The leading case in Virginia is *Kolbe, Inc.* v. *Chromodern, Inc.*, 211 Va. 736, and also *Ajax Realty Corporation* v. *Zook*, 493 F.2d 818. I believe that factually our case falls in between the facts in *Chromodern* and *Ajax Realty*, but I believe that our case does have sufficient contracts with Virginia to give this court jurisdiction. Therefore, I am this day dismissing the plea to the jurisdiction filed by the defendant.